UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
**JUL 1 0 2008**
CLERK

| | | |
|---|---|---|
| CAMERON G. BLAIR, | ) | CIV. 08-4095-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| H.C.M.T.I. (Prison Healthcare), DEPT. | ) | |
| OF CORRECTIONS, DOUGLAS | ) | |
| WEBER, Warden, South Dakota State | ) | |
| Prison, P.A. ZIKE, Physician Assistant, | ) | |
| South Dakota State Prison, P.J. | ) | |
| SEVERSON, Nurse, South Dakota | ) | |
| State Prison, DR. SHAFFER, Doctor, | ) | |
| South Dakota State Prison, DR. | ) | |
| REGUIRE, Doctor, South Dakota | ) | |
| State Prison, NATHAN OLSON, | ) | |
| Unit Counselor, South Dakota State | ) | |
| Prison, MRS. SCHWADER, Unit | ) | |
| Coordinator/Guard, South Dakota | ) | |
| State Prison, JULIE SPURRELL, | ) | |
| Head of Healthcare Services, South | ) | |
| Dakota State Prison, and DR. WHITE, | ) | |
| Doctor, Central Plains Eye Clinic, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is an inmate at the Mike Durfee State Prison in Springfield, South Dakota. He brings this action pursuant 42 U.S.C. § 1983 seeking damages arising from the treatment of an eye condition. Plaintiff also moves to proceed *in forma pauperis*.

## DISCUSSION

A.  **Screening**

The Court must review plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether the complaint is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(iii). If the Court finds that the complaint falls under any of § 1915(e)(2)(B)'s provisions, the Court "shall dismiss the case at any time . . . ." Id. In addition to a review under § 1915(e)(2)(B), the Court shall screen the complaint in a civil action as soon as practicable pursuant to 28 U.S.C. § 1915A.

Section 1915A(a) provides that the Court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Id. (1996). For reasons identical to those provided in § 1915(e)(2)(B), the Court shall dismiss the complaint under § 1915A if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) & (2).

Based upon a review of plaintiff's complaint, the Court is able to determine that plaintiff suffered from an ulcer on his eye. Prison doctors initially treated the condition

2

with steroid drops. Plaintiff indicates that steroid drops were used to treat the condition for a period of three years. However, plaintiff contends that "the medically recommended use [of the steroid drops] is only 3 days." Plaintiff contends that the "over prescription of the steroid drops" has resulted in "tremendous damage done to my eye." Ultimately, surgery was performed to remove the ulcer, but plaintiff also seeks damages related to the surgery, arguing that "due to the steroid abuse, the surgery on an already vulnerable eye caused further damage and hindered healing needed prior to any surgery." Plaintiff contends that the "surgery on the eye while it was so damaged by the steroid caused: greater scar tissue, blurred vision, tremendous pain, a near 100% cessation of tear production, and an ongoing vulnerability to eye infections that will cause me to take medication and take years to heal."

It is true that the government has an "obligation to provide medical care for those who it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 251 (1976). However, it is well-settled that the right to medical treatment does not include the right to a prisoner's requested course of treatment. See Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996) ("Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."); Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995) ("[A] disagreement as to the proper course of treatment . . . is not actionable under the Eighth Amendment."). Moreover, the allegations contained in

3

plaintiff's complaint, construed broadly, at most state a claim for medical negligence. But "[m]ere negligence does not rise to a constitutional violation," Johnson v. Hamilton, 452 F.3d 967, 973 (8th Cir. 2006), and therefore is not actionable under § 1983. As a result, plaintiff's complaint does not survive the Court's screening process because it fails to state a claim upon which relief may be granted. Accordingly, the complaint shall be dismissed.

**B.** *In Forma Pauperis* **Determination**

28 U.S.C. § 1915(a)(1) and (2) provide in pertinent part as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. . . .
>
> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit . . . shall submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

In accordance with § 1915(a)(1) and (2), plaintiff has submitted an affidavit to the Court showing that he is presently employed and earns approximately $10-$35 per month. He owns no valuable property. Plaintiff has also provided a certified prisoner trust account report verifying his account balance for the preceding six months. At the time the prisoner trust account report was filed, plaintiff's current balance was $146.85,

with an average monthly balance of $189.53. His average monthly deposits amount to $126.17. As such, plaintiff has satisfied his burden under § 1915(a)(1) and (2) to proceed *in forma pauperis*.

C.  **Conclusion**

Based upon the foregoing discussion, it is hereby

ORDERED that plaintiff Cameron G. Blair's complaint (Docket #1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff Cameron G. Blair's motion to proceed *in forma pauperis* (Docket #3) is granted. Plaintiff is nevertheless obligated to pay the entire $350 filing fee.

IT IS FURTHER ORDERED that plaintiff Cameron G. Blair shall pay, as a partial payment of his court fees, an initial partial filing fee of $37.91, which is 20 percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of his complaint.

IT IS FURTHER ORDERED that plaintiff Cameron G. Blair shall be required to pay the applicable $350.00 filing fee in its entirety. The institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month

to the plaintiff's trust account shall be forwarded to the United States District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

Dated this 12 day of July, 2008.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE