

**FILED**

SEP 2 3 2008

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CAMERON G. BLAIR, | ) | CIV. 08-4095-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| H.C.M.T.I. (Prison Healthcare), DEPT. | ) | |
| OF CORRECTIONS, DOUGLAS | ) | |
| WEBER, Warden, South Dakota State | ) | |
| Prison, P.A. ZIKE, Physician Assistant, | ) | |
| South Dakota State Prison, P.J. | ) | |
| SEVERSON, Nurse, South Dakota | ) | |
| State Prison, DR. SHAFFER, Doctor, | ) | |
| South Dakota State Prison, DR. | ) | |
| REGUIRE, Doctor, South Dakota | ) | |
| State Prison, NATHAN OLSON, | ) | |
| Unit Counselor, South Dakota State | ) | |
| Prison, MRS. SCHWADER, Unit | ) | |
| Coordinator/Guard, South Dakota | ) | |
| State Prison, JULIE SPURRELL, | ) | |
| Head of Healthcare Services, South | ) | |
| Dakota State Prison, and DR. WHITE, | ) | |
| Doctor, Central Plains Eye Clinic, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is an inmate at the Mike Durfee State Prison in Springfield, South

Dakota. He brings this action pursuant 42 U.S.C. § 1983, seeking damages arising from

the treatment of an eye condition. In an Order issued on July 10, 2008, the Court

dismissed plaintiff's complaint for failure to state a claim upon which relief may be

granted. Docket #6. Specifically, the Court found that plaintiff's complaint was based upon a claim of negligence, which is not actionable under § 1983. See Johnson v. Hamilton, 452 F.3d 967, 973 (8ᵗʰ Cir. 2006) (providing that "[m]ere negligence does not rise to a constitutional violation"). Accordingly, the complaint was dismissed.

Plaintiff then filed a motion for reconsideration in the form of an amended complaint. The amended complaint alleged "deliberate indifference and malpractice in the treatment of my eye." Docket #9. After evaluating the amended complaint under the screening procedure mandated by 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, the Court found that plaintiff's amended complaint still failed to state a claim upon which relief may be granted. Docket #10. Accordingly, the complaint was again dismissed.

Plaintiff now comes with an amended affidavit, through which plaintiff appears to be seeking reconsideration of the Court's earlier orders dismissing the action. Docket #12. In accordance with the directive that *pro se* filings are to be liberally construed, the Court will consider plaintiff's amended affidavit to be an amended complaint.

Unfortunately for plaintiff, nothing about the amended complaint compels the Court to reconsider its earlier rulings dismissing this action for failure to state a claim upon which relief may be granted. As the Court has repeatedly stated, plaintiff's action is one sounding in negligence, or, viewed in a light most favorable to plaintiff, gross negligence. But neither negligence nor gross negligence rise to the level of a

constitutional violation. See Nelson v. Correctional Medical Services, 2008 WL 2777423

(8th Cir. 2008), at *2 (a prisoner "must show more than negligence, more than even gross

negligence," to make a cognizable claim for deliberate indifference to medical needs).

Plaintiff's detailed explanation of facts and repeated recitation of the phrase "deliberate

indifference" simply do not change the essence of the complaint. Accordingly, it is

hereby

ORDERED that plaintiff's motion for reconsideration (Docket #12) is denied.

IT IS FURTHER ORDERED that plaintiff's amended complaint (Docket #12) is

dismissed without prejudice.

Dated this **23rd** day of September, 2008.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE