UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CAMERON G. BLAIR, | ) | CIV. 08-4095-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **FILED** |
| vs. | ) | |
| | ) | MAR 2 5 2010 |
| H.C.M.T.I. (Prison Healthcare), | ) | |
| DEPT. OF CORRECTIONS; | ) | |
| DOUGLAS WEBER, Warden, South | ) | ORDER DENYING |
| Dakota State Prison; P.A. ZIKE, | ) | MOTION FOR |
| Physician Assistant, South Dakota | ) | RECONSIDERATION |
| State Prison; P.J. SEVERSON, Nurse, | ) | |
| South Dakota State Prison; JULIE | ) | |
| SPURRELL, Head of Healthcare | ) | |
| Services, South Dakota State Prison; | ) | |
| and DR. WHITE, Doctor, Central | ) | |
| Plains Eye Clinic, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 seeking redress for alleged violations of his constitutional rights. Plaintiff claimed that defendants violated his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment when they repeated prescribed TobraDex which allegedly resulted in further damage to his eyes. After several amendments to the complaint, the Court allowed this action to proceed. Defendants, in answering the complaint, asserted the defense of qualified immunity. The Court, accordingly, stayed

discovery and ordered defendants to move for summary judgment on the issue. On October 1, 2009, the Court granted defendants' motion for summary judgment finding that they were protected from suit by the doctrine of qualified immunity. On February 2, 2010, plaintiff moved for reconsideration. Defendants oppose the motion.

Under the Federal Rules of Civil Procedure there is no provision for a motion to reconsider. A further review of plaintiff's motion and reply brief clarify that plaintiff is seeking relief pursuant to Fed. R. Civ. P. 60 and is alleging that defendants provided inaccurate information to the Court.

Federal Rule of Civil Procedure 60(b) provides as follows:

[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
- (1) mistake, inadvertence, surprise, or excusable neglect;
- (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
- (3) fraud ..., misrepresentation, or misconduct by an opposing party;
- (4) the judgment is void;
- (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
- (6) any other reason that justifies relief.

Plaintiff alleges that defendants provided inaccurate information to the Court when defendants asserted in their statement of material facts that plaintiff had been examined by a doctor outside of the penal system who had prescribed the same medication as medical personnel within the penal system. Plaintiff's Motion for Reconsideration, Docket #99.

First, the Court notes that the plaintiff's current allegation does not change the fact that his initial claims amount to negligence and medical malpractice, neither of which are actionable under § 1983. See McRaven v. Sanders, 577 F.3d 974, 983 (8th Cir. 2009). Furthermore, plaintiff had an opportunity to refute defendants' claims when responding to the motion for summary judgment and failed to do so. As a result, the Court finds that plaintiff's motion has no merit. Accordingly, it is hereby

ORDERED that plaintiff's motion for reconsideration (Docket #99) is denied.

Dated this 25th day of March, 2010.

BY THE COURT:

Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

3